# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

SANGVANG JUAN MEKDARA,

                Petitioner,

vs.

UNITED STATES OF AMERICA,

                Respondent.

No. C15-4056-MWB
No. CR11-4118-MWB

**ORDER**

_____

## TABLE OF CONTENTS

*I. BACKGROUND ................................................................................. 2*
*II. LEGAL ANALYSIS ............................................................................ 3*
    *A. Applicable Standard ................................................................ 3*
    *B. Application Of The Standards ................................................... 6*
    *C. Certificate Of Appealability ...................................................... 13*
*III. CONCLUSION ................................................................................. 14*

This case, originally assigned to Judge O'Brien, is before me on a Rule 60(b) motion to reconsider.[1]

---

[1] Upon Judge O'Brien's passing, this case was reassigned to me.

## I.     BACKGROUND

On August 25, 2011, Mekdara was indicted on several counts related to the distribution of methamphetamine. Mekdara pleaded guilty to three counts and Judge O'Brien sentenced him to 199 months incarceration. (Crim. docket no. 73). On May 7, 2015, Judge O'Brien granted Mekdara an eleven month sentence reduction based on the "All Drugs Minus Two" sentencing guidelines change. (Crim. docket no. 94). Mekdara filed a *pro se* appeal to the Eighth Circuit Court of Appeals, believing he merited a greater sentence reduction. On June 1, 2015, the Eighth Circuit Court of Appeals summarily affirmed Judge O'Brien's ruling. (Crim. docket no. 101.). Mandate issued on June 24, 2015.

On June 26, 2015, Mekdara filed his 28 U.S.C. § 2255 Motion. On July 29, 2015, Judge O'Brien entered an initial review order denying Mekdara's claim. (Civ. docket no. 2). Judge O'Brien concluded that Mekdara's habeas claim was time barred. Judge O'Brien also noted that, "post-judgment relief related to changes in the sentencing guidelines—including the 'All Drugs Minus Two' change—is limited by 18 U.S.C. § 3582(c)(2) and U.S.S.G. 1B1.10. Those statutes provide the exclusive means of changing a sentence based a guidelines change. Mr. Mekdara cannot renumber his argument as a 28 U.S.C. § 2255 merely because he is dissatisfied with the Court's prior Order under 18 U.S.C. § 3582(c)(2)." (Civ. docket no. 2, p. 4).

Following Judge O'Brien's initial review order, Mekdara filed a 28 U.S.C. § 2241 petition in the U.S. District Court for Minnesota. *See Mekdara v. Wilson*, No. 15-CV-3632 (JNE/JJK) (D. Minn filed Sep. 10, 2015). In the § 2241 petition, Mekdara raised the same arguments he asserted in his pro se § 2255 petition. He specifically argued that Judge O'Brien's application of the "All Drugs Minus Two" sentencing reduction violated the ex post facto clause as applied to his case. Judge Ericksen, adopting a Report and

Recommendation authored by U.S. Magistrate Judge Jeffrey Keyes, found that § 2241 could not provide Mekdara the relief he sought and dismissed Mekdara's claim for lack of jurisdiction. Additionally, the Minnesota Court considered the merits of Mekdara's claim and found that, "[r]egardless of whether the Sentencing Guidelines permitted the sentencing court to impose a more lenient punishment than the sentencing court believed, the sentence actually imposed on Mekdara was not illegal. After all, the sentencing court need not have modified Mekdara's sentence at all. *See* 18 U.S.C. § 3582(c)(2) ("the court may reduce the term of imprisonment …." *Mekdara v. Wilson*, No. 15-CV-3632 (JNE/JJK), 2015 WL 6445371, at *3 (D. Minn. 2015).

On October 26, 2015, Mekdara filed the present Rule 60(b) motion to reconsider. In his motion, Mekdara argues that Judge O'Brien erred by finding Mekdara's claim was time barred. Mekdara bases his motion to reconsider on a comment from Magistrate Keyes's Report and Recommendation which suggested Mekdara would be better off challenging Judge O'Brien's statute of limitations ruling than filing a § 2241 petition.[2]

## II. LEGAL ANALYSIS
### A. Applicable Standard

Federal Rule of Procedure 60(b) states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

---

[2] Magistrate Keyes's comment that, "[i]n fairness to Mekdara, it is not entirely clear to this Court that his § 2255 motion should have been denied on untimeliness grounds[,]" did not cite to any authority. *Mekdara v. Wilson*, No. 15-CV-3632 (JNE/JJK), 2015 WL 6445371, at *2, n. 3 (D. Minn. 2015).

> Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b) applies to 28 U.S.C. § 2255 proceedings to the extent it is not inconsistent with the Anti–Terrorism and Effective Death Penalty Act (AEDPA). *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* 28 U.S.C. § 2255; FED. R. CIV. P. 81(a)(4). Inconsistencies between Rule 60(b) and 28 U.S.C. § 2255 may arise because it is long established that a second successive § 2255 motion requires certification by a court of appeals before filing. *See* 28 U.S.C. § 2244(b)(3)(A). "[I]nmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (*per curiam*) (also explaining that inmates may not bypass authorization requirement of § 2255 by purporting to invoke some other procedure); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (*per curiam*) (explaining that, if a Rule 60(b) motion is actually a successive habeas petition, the district court should deny it for failure to obtain authorization from the court of appeals, or, in its discretion, transfer the motion to the court of appeals).

    Rule 60(b) creates an exception to the finality of a district court's judgment in a habeas proceeding. *See Ward*, 577 F.3d at 933. District courts, when presented with a purported Rule 60(b) motion following the dismissal of a petitioner's habeas claim, should conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion, in fact, amount to a second or successive collateral attack under 28 U.S.C. § 2255. *See Boyd*, 304 F.3d at 814. A Rule 60(b) motion is a second or successive

habeas corpus application if it contains a "claim."  *Ward*, 577 F.3d at 933.  When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application.  *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005).  As the Eighth Circuit Court of Appeals has explained,

> For the purpose of determining whether the [Rule 60(b)] motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits." *Gonzalez*, 545 U.S. at 530, 532, 125 S.Ct. 2641.  "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*. at 532 n. 4, 125 S.Ct. 2641.  When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

*Ward*, 577 F.3d at 933.  On the other hand, the court has explained,

> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." [*Gonzalez*, 545 U .S.] at 532, 125 S.Ct. 2641.  Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at n. 4….  The Supreme Court has "note[d] that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id*. at 532 n. 5, 125 S.Ct. 2641 (internal citation omitted)….

*Ward*, 577 F.3d at 933.

5

### B. Application Of The Standards

The Government filed a resistance to Mekdara's Rule 60(b) motion. (docket no. 5) The Government argues that I should not consider Mekdara's motion because it is, essentially, a second successive § 2255 petition. However, it is clear that Mekdara's claim is properly brought as a Rule 60(b) motion. As the Eighth Circuit Court of Appeals stated in the above quoted opinion, a Rule 60(b) motion is proper in a § 2255 case when the motion does not raise a new claim, but rather asserts an error in the previous ruling. In this case, Mekdara argues Judge O'Brien erred by finding that his claim was time barred. Accordingly, after conducting a 'brief initial inquiry' I find that I may consider the merits of the alleged error.

Mekdara's claim is that Judge O'Brien improperly concluded that the § 2255 habeas petition was time barred. Mekdara's support for this claim is the comment made by Magistrate Keyes in Minnesota, discussed above. Mekdara argues that Judge O'Brien's conclusion was incorrect, because Mekdara's claim is based on newly discovered facts, specifically, Judge O'Brien's "All Drugs Minus Two" order in Mekdara's criminal case.

Judge O'Brien's timeliness analysis was straightforward. As he set out in the order dismissing Mekdara's case:

> According to 28 U.S.C. § 2255(f), a 1-year period of limitation shall apply to a motion filed under 28 U.S.C. § 2255. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

> retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. The one year statute of limitations has repeatedly been applied in these types of cases by the 8th Circuit Court of Appeals. . . . This Court entered judgment against Mr. Mekdara on June 18, 2012. Mr. Mekdara did not appeal. Accordingly, the one year statute of limitations ran sometime in 2013. Mr. Mekdara filed the present Motion on June 26, 2015, well after the statute of limitations expired. Mr. Mekdara has failed to make any argument under 28 U.S.C. § 2255(f) as to why his untimely motion should be allowed to proceed. Accordingly, the Court must find that it is time barred.

(Civ. docket no. 2, p. 3-4). Judge O'Brien is correct. There is no dispute that Mekdara's petition is beyond the one year statute of limitations. The only question is whether the alleged new fact—the "All Drugs Minus Two" sentence reduction order—reset the one year statute of limitations. It is undisputed that Judge O'Brien chose to modify Mekdara's sentence pursuant to 18 U.S.C. § 3582(c)(2) and grant Mr. Mekdara a sentence reduction of eleven months. It is also clear that if that order constituted a new fact, Mekdara's § 2255 motion would be timely filed.

As was set out in Judge O'Brien's order granting Mekdara a sentence reduction, the "All Drugs Minus Two" change to the United States Sentencing Guidelines (USSG) allowed Judge O'Brien to reduce Mekdara's sentence pursuant to 18 U.S.C. § 3582(c)(2). 18 U.S.C. § 3582(c) states that:

> The court may not modify a term of imprisonment once it has been imposed except that—in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of

> Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Many, if not most, sentence reductions granted based on that guidelines change have been considered during the current calendar year.[3] Because this is still a developing area of the law, I am not aware of any contemporaneous decisions about whether a claimant may argue that an "All Drugs Minus Two" sentence reduction would restart the one year statute of limitations contained in 28 U.S.C. § 2255(f). However, there are analogous situations, also arising under 18 U.S.C. § 3582, where various courts have considered whether other post-conviction sentence changes pursuant to 18 U.S.C. § 3582 restart the one year limitation clock. Those courts have uniformly concluded that a post-conviction sentencing change does not start a new window in which a claimant can file a § 2255 habeas challenge.

This argument is most commonly made in the context of a Rule 35(b) motion. Under Rule 35(b) and 18 U.S.C. § 3582, a judge may reduce a defendant's sentence, after a judgment is entered, if the defendant provides assistance to the prosecution. In some of those cases, defendants who did, or did not, receive a reduction pursuant to Rule 35(b) argued that the court's ruling on the Rule 35(b) motion restarted the one year statute of limitations contained in 28 U.S.C. § 2255. However, courts have held that the decision to grant (or deny) the prosecution's motion under Rule 35(b) of the Federal Rules of Criminal Procedure had no effect on the one year period of limitation applicable to 28 U.S.C. § 2255 motions. *See Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009) ("Despite Byers' argument that his pro se motion was timely filed because it was filed

---

[3] The "All Drugs Minus Two" sentencing guidelines change took effect in November of 2014.

8

within one year of his sentence modification under Rule 35(b), both parties are now in agreement, and this Court so holds, that the motion was not timely filed because the modification was not a "judgment of conviction."); *see also O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998) ("[P]ost-judgment motions (such as those under Rules 32, 33 and 35) do not suspend the [one year period of limitation contained in 28 U.S.C. § 2255]"); *Mayo v. United States*, No. C06-2075 LRR, 2006 WL 3191558, at *3 (N.D. Iowa 2006) (Chief Judge Reade of this court reaching the same conclusion). The Fourth Circuit Court of Appeals agreed in *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001), stating:

> Congress did not intend for Fed. R.Crim. Pro. 35(b) motions to prevent convictions from becoming final for § 2255 purposes. The plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment. Section 3582(b) states: (b) Effect of finality of judgment.-Notwithstanding the fact that a sentence to imprisonment can subsequently be- (1) modified pursuant to the provisions of subsection (c); (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes. 18 U.S.C. § 3582(b) (emphasis added). As § 3582(b)(1) contemplates, Sanders' sentence was modified pursuant to § 3582(c)(1)(B). That section permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). The plain text of § 3582(b) clearly states that this later modification does not affect the date on which Sanders' judgment of conviction became final "for all other purposes." The conviction which the district court entered on

January 15, 1998, included "a sentence to imprisonment." Therefore that judgment of conviction "constitutes a final judgment for all other purposes" under 18 U.S.C. § 3582(b), including the beginning of § 2255 subsection (1)'s limitations period.

In coming to that conclusion, courts emphasize both the language in 18 U.S.C. § 3582(b) and Congress's failure to specifically enlarge the limitation period in 28 U.S.C. § 2255. As the Eleventh Circuit Court of Appeals explained in *Murphy v. United States*, 634 F.3d 1303, 1307-09 (11th Cir. 2011):

> Rule 35(b) permits a district court, upon the Government's motion, to reduce a sentence to reflect a defendant's substantial assistance rendered after the entry of judgment. Fed.R.Crim.P. 35(b). In § 2255(f), Congress did not specify whether a Rule 35(b) reduction constitutes a new judgment of conviction or alters the finality of the judgment of conviction. But Congress did not legislate on a blank slate: "[W]henever Congress passes a new statute, it acts aware of all previous statutes on the same subject." *Erlenbaugh v. United States*, 409 U.S. 239, 244, 93 S.Ct. 477, 480, 34 L.Ed.2d 446 (1972). Prior to AEDPA, Congress, in 18 U.S.C. § 3582, specified how a Rule 35(b) reduction would impact the finality of a judgment of conviction. Section 3582 states that although a district court may "modify" a "sentence to imprisonment" under Rule 35(b), a "judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 12 18 U.S.C. § 3582(b)-(c) … The plain and obvious meaning of this language is that a Rule 35(b) reduction has no effect on the finality of the judgment of conviction. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S.Ct. 755, 760, 142 L.Ed.2d 881 (1999) (explaining that statutory construction begins with the language of the statute and when that language "provides a clear answer, it ends there as well") (internal quotation marks omitted). The Senate Report accompanying § 3582 confirms

that the plain meaning of the statute accords with Congress's intent. Congress explained that subsection (b) makes "clear" that though a prison sentence could be "modified" after imposition by way of " 'three safety valves,' " including Rule 35(b), the "judgment of conviction is final." S.Rep. No. 98–225, at 96 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3304.13. In view of the traditional rule that a final judgment in a criminal case includes both the conviction and sentence, Congress understandably sought to assure that the use of Rule 35(b) to modify a sentence would not impact the finality of the judgment of conviction. Had Congress not done so, a defendant could have argued that a sentence modification entitled him to a new direct appeal where he could challenge anything that could have been challenged on a first direct appeal. Congress short-circuited this by unambiguously declaring that a Rule 35(b) modification does not affect the finality of the judgment for "any other purpose." 18 U.S.C. § 3582(b). Plainly, AEDPA's one-year statute of limitations falls within the category of "any other purpose." *United States v. Sanders*, 247 F.3d 139, 142–144 & n. 2 (4th Cir. 2001). Therefore, a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the "finality" of a defendant's "judgment of conviction" and does not alter the "date on which the judgment of conviction becomes final" for the purposes of the statute of limitations. Id. (internal quotation marks omitted).

Additionally, various courts have come to the same conclusion in the context of the Fair Sentencing Act (FSA) reduction to the crack cocaine guidelines in 2011 applied via 18 U.S.C. § 3582(c). *See Morning v. United States*, No. 09-CV-252-WDS, 2012 WL 4387851, at *3 (S.D. Ill. 2012) ("[T]his Court finds that petitioner's resentencing pursuant to 28 U.S.C. § 3582(c) did not restart the clock for § 2255 statute of limitation purposes, and petitioner's motion challenging his underlying conviction cannot be considered timely on this basis."); *Vassell v. United States*, No. 3:12CV23, 2012 WL

11

1599428, at *3 (N.D.W. Va. 2012) *report and recommendation adopted*, No. 3:12-CV-23, 2012 WL 1616653 (N.D.W. Va. 2012) (implicitly finding that a reduction based on the crack cocaine sentencing amendment did not alter the time for filing a habeas petition).

Accordingly, it seems clear that a sentence reduction based upon 18 U.S.C. § 3582 does not constitute a new fact or a new judgment for the purposes of restarting the one year statute of limitation contained in 28 U.S.C. § 2255. This includes the "All Drugs Minus Two" reduction that Judge O'Brien granted Mekdara pursuant to 18 U.S.C. § 3582(c)(2). Mekdara has failed to cite any authority which would support his argument and I could find none. Based on the forgoing, Judge O'Brien correctly concluded that Mekdara's claim is time barred.[4]

---

[4] I also note that, even if Mekdara's claim could overcome the procedural hurdles, his claim would still fail. As several circuit courts of appeals have stated, "'deviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion.' *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993)." *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 16, 2014), *cert. denied*, 135 S. Ct. 1574, 191 L. Ed. 2d 657 (2015). As the Fourth Circuit Court of Appeals explained in *United States v. Foote*, 784 F.3d 931, 943 (4th Cir.) *cert. denied*, 135 S. Ct. 2850 (2015):

> "[E]rrors of guideline interpretation or application ordinarily fall short of a miscarriage of justice"). . . *[S]ee United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) ("It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice." (footnotes omitted).

### C.     *Certificate Of Appealability*

Mekdara must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller–El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller–El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Mekdara does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Mekdara's claim, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Mekdara wish to seek further review of his petition, he may request a certificate of

---

Accordingly, Judge O'Brien correctly stated that, "post-judgment relief related to changes in the sentencing guidelines—including the 'All Drugs Minus Two' change—is limited by 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Those statutes provide the exclusive means of changing a sentence based a guidelines change. Mr. Mekdara cannot renumber his argument as a 28 U.S.C. § 2255 merely because he is dissatisfied with the Court's prior Order under 18 U.S.C. § 3582(c)(2)." (Civ. docket no. 2, p. 4.).

appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedeman v. Benson*, 122 F.3d 518, 520–22 (8th Cir. 1997).

### III. CONCLUSION

For the reasons discussed above, Mekdara's motion to reconsider pursuant to Rule 60(b) is **denied**. This case is **dismissed**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 5th day of November, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA